ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

November 10, 2014

The Honorable Randall C. Sims
District Attorney
47th Judicial District of Texas
Potter County Courts Building
501 South Fillmore, Suite 5A
Amarillo, Texas 79101-2449

Opinion No. GA-1086

Re:    Authority of an entity to require and
maintain a photocopy of the credentials of a
person covered by section 552.1175 of the
Government Code   (RQ-1199-GA)

Dear Mr. Sims:

You ask two questions regarding the process under the Public Information Act (the "Act") by which certain law enforcement officials may keep specific personal information about themselves from being disclosed to the public.[1]  As a general rule, the Act makes information in the possession of a governmental body available to the public. TEX. GOV'T CODE ANN. § 552.021 (West 2012).  "Information that relates to the home address, home telephone number, emergency contact information, date of birth, . . . social security number" or family status of certain law enforcement officials,[2] however, "is confidential and may not be disclosed to the public" if the procedure set forth in subsection 552.1175(b) of the Government Code is followed.  *Id.* § 552.1175(b) (West Supp. 2014).  First, subsection 552.1175(b) requires the law enforcement official to "choose[] to restrict public access to the information."  *Id.* § 552.1175(b)(1).  Second, subsection 552.1175(b) requires the law enforcement official to "notif[y] the governmental body of the individual's choice on a form provided by the governmental body, accompanied by evidence of the individual's status."  *Id.* § 552.1175(b)(2).  Your questions concern this "evidence of status" requirement. Request Letter at 1–2.

You tell us that certain governmental entities[3] have required police officers making an election under section 552.1175 to provide evidence of employment status in the form of police

[1]Letter from Honorable Randall C. Sims, Dist. Att'y, 47th Jud. Dist., to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (May 13, 2014), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]Section 552.1175 applies to persons holding, and in some cases formerly holding, specific law enforcement positions, such as peace officers, county jailers, security officers, employees of certain criminal or juvenile justice agencies or offices, and federal and state judges. TEX. GOV'T CODE ANN. § 552.1175(a) (West Supp. 2014).

[3]You refer specifically to a county elections administrator and an appraisal district. Request Letter at 1. Section 552.1175, however, "does not apply to information in the tax appraisal records of an appraisal district to which

(continued...)

identification cards. *Id.* at 1. The identification cards, which you explain "include the officers' photos," are photocopied and placed in the entity's files. *Id.* You first ask whether a person covered by section 552.1175 must "provide a photocopy of their credentials or present their credentials for photocopying . . . when requesting that the covered information be kept confidential." *Id.* at 2.

The plain language of section 552.1175 does not require governmental entities to photocopy the evidence of employment status that is presented in connection with a privacy election. *See* TEX. GOV'T CODE ANN. § 552.1175 (West Supp. 2014). On the other hand, you have not identified, and we have not found, any source of law that would prohibit such photocopying. Thus, whether to photocopy the evidence of status is likely a decision that may be made by the governmental entity collecting the evidence. Any copies of identification cards collected in this manner are themselves subject to subsection 552.139(b)(3) of the Act, which makes confidential "a photocopy or other copy of an identification badge issued to an official or employee of a governmental body." *Id.* § 552.139(b)(3) (West 2012).

Your second question is whether "an entity covered by Section 552.1175 [of the] Government Code [is] allowed to maintain a copy of a person's credentials, whether paper or electronic, of a person who has requested that the covered information be kept confidential." Request Letter at 2. Documents created by or collected by a governmental body in connection with an election under section 552.1175 are public records under the Act. *See* TEX. GOV'T CODE ANN. § 552.002(a)(1) (West Supp. 2014) (defining "public information" as "information that is written, produced, collected, assembled, or maintained under a law . . . by a governmental body"); *see also id.* § 552.002(c) (specifying that public information can exist in both paper and electronic form). A governmental entity is authorized, indeed required, to maintain[4] public information if it chooses to create or collect it. *See id.* § 552.351(a) (West 2012) (criminalizing the willful destruction or removal of public information). The evidence about which you ask, however, will likely be subject to an exception from public disclosure under the Act. For example, as explained above, "a photocopy or other copy of an identification badge issued to an official or employee of a governmental body" is confidential under subsection 552.139(b)(3) and may not be released. *Id.* § 552.139(b)(3); *see also id.* § 552.119 (generally excepting from public disclosure a photograph of a peace officer as defined by article 2.12 of the Code of Criminal Procedure, the release of which

---

Section 25.025, Tax Code, applies." TEX. GOV'T CODE ANN. § 552.1175(d) (West Supp. 2014); *see also* TEX. TAX CODE ANN. § 25.025(b) (West Supp. 2014) (making information in appraisal records that identifies the home address of certain persons confidential and not subject to public disclosure if the person chooses to restrict access through a form prescribed for that purpose); *id.* § 25.025(a) (listing the persons to whom section 25.025 applies).

[4]Records of state and local agencies must be maintained in accordance with the applicable record retention schedule as administered by the Texas State Library and Archives Commission. *See generally* TEX. GOV'T CODE ANN. §§ 441.151–.168 (West 2012) (governing preservation and management of local government records); 441.180–.205 (governing preservation and management of state government records); 13 TEX. ADMIN. CODE §§ 6.1–.10 (2014) (Tex. State Library & Archives Comm'n, Records Retention Scheduling) (applicable to state records), 7.121–.125 (Records Retention Schedules) (applicable to local records).

would endanger the life or physical safety of the officer). Because the Act makes such information confidential, no governmental body may release it, regardless of the reasons it was created or collected.

**S U M M A R Y**

Subsection 552.1175(b) of the Government Code neither requires nor prohibits a governmental entity from photocopying the evidence that verifies a person's employment status as a current or former law enforcement individual under subsection 552.1175(a).

No source of law prohibits a governmental body that chooses to photocopy the evidence of an individual's status submitted pursuant to section 552.1175 from retaining the copies. Such materials are likely subject to exceptions from public disclosure under the Public Information Act. Subsection 552.139(b)(3) of the Government Code provides that "a photocopy or other copy of an identification badge issued to an official or employee of a governmental body" is confidential and may not be released.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Becky P. Casares
Assistant Attorney General, Opinion Committee